MINNIE HATCH PEARSON, Respondent, v. HENRY PEARSON, Appellant.

First Department, May 16, 1919.

Husband and wife — action by wife to recover moneys claimed to have been expended by her for necessaries after abandonment by husband — defense — foreign decree of divorce in favor of husband — evidence.

Where in an action by a wife against her husband to recover a certain sum claimed to have been necessarily expended by her for her board, maintenance and other necessaries because the defendant had, without sufficient grounds, abandoned her without providing any means for her support, it appears that pending said action the husband commenced an action in the State of Nevada for an absolute divorce on the ground of extreme cruelty in which the plaintiff appeared with counsel and in which a decree was duly entered granting the husband a divorce and finding that he had not deserted or failed to support his wife but that she had been guilty of

cruelty towards him justifying his leaving her, the wife is bound by said decree and cannot recover.

Such an action by a wife can only be supported by proof not only that payments were made by her out of her separate estate, but that they were actually made for what the law deems " necessaries."

SMITH, J., dissented on opinion at Trial Term.

APPEAL by the defendant, Henry Pearson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of July, 1918, upon the decision of the court after a trial before the court, a jury having been waived.

*Howard R. Bayne,* for the appellant.

*George Gordon Battle* of counsel [*Lanman Crosby* with him on the brief; *O'Gorman, Battle & Vandiver,* attorneys], for the respondent.

DOWLING, J.:

This action was brought to recover the sum of $3,000, moneys claimed to have been necessarily expended by plaintiff for her board, maintenance and other necessaries because the defendant, her husband, on or about April 1, 1915, without cause, abandoned her without providing any means for her support, and has at no time since contributed anything to her support save that between April 1, 1915, and October 1, 1915, he paid in part for her rent and food.

The plaintiff and defendant were married in the State of Alabama on October 3, 1907, and there is no issue of the marriage. Defendant is a physician. About April 1, 1915, he and his wife were living in an apartment hotel in New York city, when he claims that he was forced to leave his wife on account of her behavior being such that they could no longer live in peace together and he would cease to live with her, while she claims that he told her that he loved her no longer and had not loved her for four years and he would live with her no longer. From April 1 until October 15, 1915, defendant paid the rent of the apartment theretofore occupied by them and also certain bills for merchandise. He also paid for plaintiff's meals at the hotel during said period. From April 1, 1915, until May 1, 1916, plaintiff claims to have

expended the sum of $3,535.35 for her support and maintenance. The present action to recover the $3,000 of the amount so expended was begun in the Supreme Court, New York county, April 20, 1916. Defendant duly appeared and answered. While this action was still pending and in December, 1916, the husband, claiming to have been for more than six months a *bona fide* resident of the county of Washoe, State of Nevada, and still to be a resident thereof, in the city of Reno, began an action in the Second Judicial District Court of the State of Nevada, for the county of Washoe, for an absolute divorce on the ground of extreme cruelty, specifying numerous instances claimed to constitute cruelty. He claimed that his wife's acts as specified and her general ill treatment of him " made life unbearable and intolerable for him, caused him great mental pain and suffering, interfered with the practice of his profession, caused him to become exceedingly nervous, seriously affected his health, and threatened, if continued, to permanently impair his health; that by reason of said acts and said general ill treatment, plaintiff was obliged to leave the defendant and did leave the defendant in the month of July, 1915." He further alleged: " That the acts of the defendant above specified were without any fault on the part of the plaintiff, and that the charges made by the defendant against the plaintiff above specified were untrue, unjust and without any cause whatsoever; that the plaintiff was at all times faithful to the defendant and endeavored to the best of his ability, until forced to leave her because of her ill treatment of him, to fully perform his obligations as her husband." He asked judgment that the matrimonial relation existing between the plaintiff and defendant be forever dissolved and that each of said parties be restored to the status of a single person, upon the ground that the wife was not within the State of Nevada, but was a resident of the town of Gallion, State of Alabama. An order for the publication of the summons was made and the same was personally served on the wife at the Park Avenue Hotel in the city of New York. Thereafter the wife duly appeared by attorney and interposed an answer and cross-complaint in the Nevada action. She specifically denied every charge made against her in the complaint. Then by way of an affirmative answer,

affirmative recriminatory defense and also as and by way of cross-complaint she alleged, in a first defense: " That for a period of more than one year before the filing of this cross-complaint plaintiff has failed and neglected to provide defendant with any of the common necessaries of life, whatsoever, when such neglect on his part was not due to poverty which he could not have avoided by ordinary industry, but on the contrary plaintiff was at all times possessed of ample and sufficient means with which to have provided defendant with all the necessaries of life and with which to have fully and properly supported her according to her station in life." Further, in a second defense: " That in the month of April, 1915, and more than one year before the filing of this cross-complaint, or of the original complaint in this action, plaintiff without cause wilfully deserted and abandoned defendant, removed himself from her domicile, ceased to live or cohabit with her and ever since said date has continued to so desert and abandon defendant, to live separate and apart from her and refused to live or cohabit with her, all of which is without cause and against the wishes and without the consent of the defendant."

In a third defense she alleged: " That since said marriage plaintiff has been guilty of extreme cruelty towards defendant and has treated defendant with a long line of persistent and continual course of unkind acts and cruel treatment, which have destroyed her happiness, seriously affected her health and caused her great and grievous mental pain and anguish."

In a fourth defense she alleged that her husband was a resident of the State of New York and his presence in the State of Nevada was solely for the purpose of obtaining his divorce and then he proposed returning to his domicile in the State of New York.

For relief she prayed:

" 1. That plaintiff take nothing by reason of his complaint.

" 2. That said action be dismissed for want of jurisdiction of the court over the subject matter of the action and over the domicile of the parties.

" 3. In the event that the contention of defendant that the court has no jurisdiction over the subject matter of the action should be overruled, then the defendant prays that

she be given judgment against the plaintiff for an absolute divorce; that such division of the property of plaintiff as aforesaid as shall be just and equitable shall be made either by way of a division of property or of due and proper alimony.

"4. That when she shall have informed her counsel of the details of her fourth affirmative defense, that she will be permitted to set the same up by amendment or by bill of particulars furnished to plaintiff."

The husband filed a reply and answer to the wife's affirmative answer and cross-complaint wherein he repeated his charge that it was because of his wife's acts of cruelty that he was obliged to leave her, set up his own and his wife's financial condition and in paragraph II averred:

"Plaintiff, replying to and answering defendant's second alleged affirmative answer and recriminatory defense and cross-complaint, admits his marriage to the plaintiff, as alleged, and that there is no issue of said marriage.

"Answering paragraph II thereof, admits that he left plaintiff in the month of July, 1915, and has not since cohabited with her, but denies that his so doing was or is without cause, or against the wishes or without the consent of the defendant, and plaintiff avers that defendant's acts of ill treatment and cruelty, continuing through a long period, practiced against him as alleged in his complaint on file herein, to which reference is hereby expressly made, rendered his life with the defendant intolerable and impossible, and obliged him to live separate and apart from her."

The action in Nevada duly proceeded to trial, the wife being present in person and represented by counsel, and also testifying thereupon. The wife withdrew her prayer for an absolute divorce. Among the findings made by the court were the following:

"II. That the plaintiff now is and for more than six months before the commencement of this action, was a *bona fide* resident of the County of Washoe, State of Nevada, and during all of said period has actually been a resident in the City of Reno therein.

"III. That the said defendant, before the commencement of said action, and since the marriage of said plaintiff and defendant, has treated the said plaintiff with extreme cruelty,

in the manner and form set forth in said plaintiff's complaint, and that the facts alleged in said plaintiff's complaint in reference thereto are true."

" V. That the charge in the affirmative answer and cross-complaint of the defendant, that the plaintiff, for a period of more than one year had failed to provide the defendant with the common necessaries of life, is not sustained by the proof, and the Court, therefore, finds that the facts alleged in said answer and cross-complaint in reference thereto are not true.

" VI. That the charge made in the second defense in said answer that the plaintiff in April, 1915, and for more than one year before the filing of the · cross-complaint, without cause, wilfully deserted and abandoned the defendant, is not supported by the proof, and the Court, therefore, finds that the facts alleged in reference thereto are not true.

" VII. That the allegation set forth in the third defense, in said answer, to the effect that the plaintiff has been guilty of extreme cruelty toward the defendant, is not sustained by the proof, and the Court, therefore, finds that the allegations [in reference] thereto are not true.

" VIII. That the facts set forth in the second paragraph of the fourth defense of said defendant's answer to plaintiff's complaint, to the effect that the Court has not jurisdiction of the parties to this action, because the plaintiff was not a *bona fide* resident of the State of Nevada, are not sustained by the proof, and the Court, therefore, finds that the allegations of said complaint in reference thereto are not true."

The court further found, as a conclusion of law, that the husband was entitled to a decree of divorce from his wife upon the ground of extreme cruelty " and that the defendant take nothing herein." A decree was entered accordingly, July 11, 1917, whereby it was " ordered, adjudged and decreed, that the bonds of matrimony heretofore existing between the said plaintiff Henry Pearson, and the said defendant, Minnie H. Pearson, be, and the same are hereby dissolved, vacated and annulled, and each of said parties are [*sic*] restored to the status of an unmarried person, and that the said defendant take nothing by her answer and cross-complaint herein and that neither the plaintiff or defendant have or recover from the other

any property or money, either as alimony or a division of the property of the parties hereto." All these proceedings had in the Nevada action were set up by supplemental answer in the present suit and form a part of the decision herein. The finding of fact made by the learned justice at Special Term as to the alleged desertion is: "4. That on or about the 20th day of March, 1915, the defendant left the plaintiff and refused thereafter to live with her."

There is no finding that the act of defendant in leaving plaintiff and refusing to further live with her was not justified and was not due to plaintiff's own acts. There was no finding made to contradict, antagonize or vary the finding of the Nevada court that the defendant had not willfully deserted his wife, but that she had been guilty of cruelty towards him which had justified and caused his leaving her.

Furthermore, as was found by the court in this action, the Nevada court found that there was neither non-support nor desertion.

The court has awarded the sum of $3,000 as "about right," "based upon the proportion of income commonly allowed for alimony."

It thus appears that the recovery herein is based solely upon the existence of the marital relationship, accompanied by a failure to furnish funds for the wife's support, quite regardless of whether the husband was forced to leave his wife by such conduct on her part as rendered his further living with her impossible. I do not see how it is possible to affirm this judgment giving any force whatever to the decree of the Nevada court, which had jurisdiction of both husband and wife and whose judgment is binding upon both. Upon this trial the wife was content to stand upon the husband's legal duty to support her and upon such proof as she sought to make of the expenditure by her of moneys from her separate estate for alleged necessaries. She did not attempt to controvert the findings of the Nevada court upon the questions of her cruel treatment of her husband and of the justification of his abandonment of her. The husband stood upon the findings made by the Nevada court. Concededly the husband was under no further obligation to support his wife provided the separation was justified because of her conduct. (L. R.

A. 1917A, p. 963.) Both the issue of non-support and of separation for just cause were litigated in the Nevada action. The wife was under no obligation to submit herself to the jurisdiction of the Nevada courts. Whether she was a resident of Alabama or of New York, she could have declined to appear or answer in the action here and relied upon the assertion and protection of her marital and property rights in the State of her domicile. Being advised by counsel, she must have known the exact nature of those rights, and that she agreed that they should be determined by the courts of Nevada when she voluntarily entered their jurisdiction. Her answer raised every issue that could be brought to meet the complaint. She even sought the aid of that State to grant her a divorce in that very action. I do not see how she can possibly be heard successfully to claim now that the courts of this State should disregard the findings and judgment of a court which, with jurisdiction of the parties and the subject-matter, has decided adversely to her the very matters she now seeks to litigate here. Her husband's separation from her as of the date of April, 1915, having been found not to have been willful and without cause, but on the contrary to have been justified, the husband's liability to support his wife ceased on that date and such liability was not extended until the entry of the decree in the Nevada action. It was not the outcome of the Nevada suit, but the justification of defendant's leaving his wife which relieved him of the duty of supporting her; and when the Nevada court found that he was justified in leaving her, it judicially decided the controversy raised by the wife's denial of her responsibility for the separation, but the husband's liability still had ceased when he justifiably left the marital home. I conclude, therefore, that plaintiff is bound by the decree of the Nevada court and cannot recover in this action.

In any event, this judgment could not be sustained, for the proof is insufficient to furnish a basis for the amount allowed herein. The learned court allowed a gross sum as representing what he thought fair in view of all the circumstances. But an action such as this can only be supported by proof not only that payments were made by the wife out of her separate estate, but that they actually were made for

what the law deems " necessaries " and that proof is lacking in the present case.

The judgment appealed from should be reversed, with costs, and judgment entered in favor of the defendant, with costs. The appropriate findings and conclusions should be made, and the necessary reversals of findings and conclusions should also be had, to meet the views hereinbefore expressed.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concurred; SMITH, J., dissented on the opinion of HOTCHKISS, J., at Trial Term.

Judgment reversed, with costs, and judgment directed in favor of defendant, with costs. Order to be settled on notice.